UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CORPUS CHRISTI PLAZA HOSPITALITY LTD d/b/a PLAZA INN—CORPUS CHRISTI <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND MELANIE LABRIE | § § § § § § § § § § § <br><br> C.A. NO. |

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S <u>NOTICE OF REMOVAL</u>

Defendant Westchester Surplus Lines Insurance Company ("Westchester") gives notice of removal of this Civil Action from the 117th Judicial District Court of Nueces County, Texas, to this Court:

1. On or about December 6, 2019, Plaintiff filed Plaintiff's Original Petition.

2. Westchester Surplus Lines Insurance Company was served with process on December 31, 2019. Therefore, this Notice for Removal is timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by Westchester of the first notice of the Plaintiff's Original Petition ("Petition").

3. This action is one of a civil nature for damages caused by alleged wrongful acts of Defendants in the investigation and/or payment of a property damage claim in Nueces County, Texas under a policy of insurance. The causes of action against Westchester are for alleged breach of contract, violations of the Texas Insurance Code Chapter 541 (section 541.060)[1] and Chapter 542, and common law bad faith.

---

[1] The allegations are that Westchester violated section 541.060 by "misrepresenting to Plaintiff material facts relating to the coverage at issue," "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear" and "refusing to pay Plaintiff's claim without

4. Upon information and belief from information available through the Texas Secretary of State, Plaintiff Corpus Christi Plaza Hospitality Ltd. d/b/a Plaza Inn—Corpus Christi is a citizen of the State of Texas. Plaintiff is a domestic (Texas) limited partnership with its principal place of business in Nueces County, Texas. Plaintiff's general partner is Corpus Plaza, Inc. which is a domestic (Texas) for-profit corporation with its principal place of business in Texas.

5. Defendant Westchester is a foreign citizen. It is a company organized under the laws of the state of Georgia, with its principal place of business in Pennsylvania.

6. Defendant Labrie is a citizen of the State of Texas.

7. By letter sent prior to the removal of this action and pursuant to Texas Insurance Code section 542A.006, Westchester elected to accept whatever liability non-diverse defendant Labrie might have to Plaintiff for her acts or omissions related to the claim. By doing so, the court shall dismiss the action against Labrie with prejudice as required under Texas Insurance Code section 542.006(c).

8. Defendants Westchester and Labrie are the only defendants to the lawsuit.

9. Defendant Labrie consents to the removal of this action.

10. The basis for this removal and this Court's jurisdiction is diversity of citizenship. 28 U.S.C. §1332. There is complete diversity of citizenship between Plaintiff and Westchester. Defendant Labrie is an improperly joined, non-diverse party against whom Plaintiff has no

---

conducting a reasonable investigation." Petition at V, B.1. These alleged violations are boilerplate language from the Insurance Code. Plaintiff alleges that Labrie committed these violations as well as allegedly failing to promptly provide a reasonable explanation for the denial of the claim, refusing to affirm or deny coverage within a reasonable time, refusing to conduct a reasonable investigation and ignoring damage known to be covered by the policy and/or conducting an outcome-oriented investigation "in order to provide CHUBB with a basis to underpay the claim." Plaintiff also alleges that Labrie violated section 542.003(b)(5) which states an insurer commits an unfair claim settlement practice if it compels an insured to file suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the insured.

possibility of recovering, and her citizenship should not be considered for the determination of diversity jurisdiction.

11. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.00, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332. Specifically, Section XIII. Of the Petition states "…Plaintiff seeks monetary relief, the maximum of which is over $1,000,000."

12. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

13. The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

14. The doctrine of improper joinder is well recognized in the Fifth Circuit, and the diverse party can remove the case to federal court when there is no possibility of recovery by the plaintiff against the non-diverse, improperly joined defendant. *E.g, Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Stated differently, this means "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 574 (5th Cir. 2004). To that end, the court may either conduct a Rule 12(b)(6) type analysis, or in certain instances, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the instate defendant." *Id.* at 573-74.

15. In 2016, the Fifth Circuit determined that a federal court must apply the federal pleading standard when determining whether a nondiverse defendant has been improperly joined because the plaintiff failed to state a claim against him. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016). In federal court, a plaintiff must

plead sufficient facts to state a claim that is "plausible on its face" and prove the plausibility of the claim with facts specific to the case. *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 349-50 (S.D. Tex. 2017) (internal citations omitted). Courts must accept well pleaded facts as true, but not "overt legal conclusions" or 'legal conclusions' which have been "couched" as factual allegations." *Id.* at 350.

16. The Federal Rules' traditional pleading standard under 12(b)(6) is heightened when a claim is grounded in fraud. *Id.*; *Fed. R. Civ. P. 9(b).* And courts consistently apply this heightened pleading standard to claims under the Texas Insurance Code. *Id.* (internal citations omitted). Thus, to properly plead the circumstances surrounding a claim under the Texas Insurance Code, the plaintiff must "allege the [1] time, [2] place, [3] contents of the false representations, as well as the [4] identity of the person making the misrepresentations and [5] what he obtained thereby." *Id.*

17. "Threadbare" allegations (those that offer nothing "upon which to draw a reasonable inference" that a plaintiff is entitled to relief from the non-diverse defendant) are "woefully inadequate" for the court to predict that recovery might be possible against a non-diverse defendant on the claims asserted. *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014). Legal conclusions parading as factual allegations are insufficient to provide the grounds for entitlement to relief against a defendant. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-CV-165A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (dismissing all claims against a non-diverse defendant adjuster, finding that none of the facts alleged as to the adjuster stated a violation of the DTPA or the Insurance Code and were nothing more than legal conclusions couched as factual allegations).

18. Here, no reasonable basis exists for this court to predict that Plaintiff will recover against Defendant Labrie. *See* generally, *Smallwood,* 385 F.3d at 574. Specifically, the Petition

fails to satisfy the federal pleading standard and improperly relies on legal conclusions couched as factual allegations to support a cause of action against Defendant Labrie for alleged violations of Chapter 541 and 542 of the Texas Insurance Code.

19. Plaintiff recites boilerplate language from the Texas Insurance Code and otherwise generally alleges its claim against Labrie. Plaintiff generally alleges that Labrie "failed and refused to": "properly adjust the claim," "properly inspect the property and the damages," "request information," "adequately investigate the claim," "respond to requests for information from the Plaintiff," "timely evaluate the claim," "timely and properly estimate the claim," and "timely and properly report to Chubb and make recommendations to Chubb to address all the covered damages." Petition at p.12. Plaintiff alleges that Labrie "failed to perform any inspection or gather any information relevant to assessing the claim" and that she did nothing, then hired another engineering firm to perform the tasks Labrie herself was responsible for performing. Petition at p. 12. These allegations amount to nothing more than labels and conclusions masquerading as facts and do not entitle Plaintiff to relief against Labrie. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-CV-165A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009).

20. The Petition also incorrectly alleges facts upon which Plaintiff bases its claims, for example, incorrectly alleging that Defendant Labrie "failed to perform any inspection or gather any information relevant to assessing the claim." *See* Petition at p. 12. The Petition otherwise fails to make sufficient allegations for the Court to reasonably predict that Plaintiff might be able to recover against Defendant Labrie.

21. Defendant Westchester will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

22. Plaintiff requested a jury trial in the state court suit.

5

3647341-1

23. Defendant attaches the following:

    a) All executed process in the case;

    b) Pleadings asserting causes of action, including answers to such pleadings;

    c) The docket sheet;

    d) Civil Cover Sheet;

    e) An index of matters being filed; and

    f) A list of all counsel of record, including addresses, telephone numbers and parties represented.

Defendant, Westchester Surplus Lines Insurance Company, requests that the above-described action now pending in the 117th Judicial District Court of Nueces County, Texas be removed to this Honorable Court.

Respectfully submitted,

**CHAFFE MCCALL, L.L.P.**

*/s/ Frank A. Piccolo*
**FRANK A. PICCOLO**
Texas State Bar No.: 24031227
Federal Bar No.: 30197
801 Travis Street, Suite 1910
Houston, TX 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: frank.piccolo@chaffe.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
CAROLINE T. WEBB
Texas State Bar No. 24051497
Federal Bar No. 613260
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800

3647341-1

Facsimile:   (713) 546-9806
Email:   caroline.webb@chaffe.com

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 29th day of January 2020.

                                           */s/ Frank A. Piccolo*
                                           Frank A. Piccolo

3647341-1