**(b)**

Filed
12/6/2019 2:49 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2019DCV-6002-B

CAUSE NO._____

| | | |
|---|---|---|
| CORPUS CHRISTI PLAZA | § | IN THE DISTRICT COURT |
| HOSPITALITY LTD DBA | § | |
| PLAZA INN-CORPUS CHRISTI | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY AND | § | |
| MELANIE LABRIE | § | NUECES COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CORPUS CHRISTI PLAZA HOSPITALITY LTD DBA PLAZA INN-CORPUS

CHRISTI, files this Original Petition against WESTCHESTER SURPLUS LINES INSURANCE

COMPANY ("CHUBB"), and MELANIE LABRIE  ("LABRIE" or herein collectively as

"DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Nueces County, Texas.

Defendant CHUBB is in the business of insurance in the State of Texas.  The insurance

business done by CHUBB in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

1

Unofficial Copy

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent of service pursuant to policy number D37414888 004, Saverio Rocca, Assistant General Counsel, Chubb Group of Insurance Companies, 436 Walnut Street, Philadelphia, PA 19106-3703, or wherever else it may be found.

Defendant, LABRIE, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 1015 Southern Hills Road, Kingwood, Texas 77339, or wherever else she may be found. As of the filing of Plaintiff Original Petition, CHUBB has not sent Plaintiff notice it has elected to absorb any liability LABRIE has in this matter pursuant to Tex. Ins. Code Section 542A.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Nueces County, Texas because all or part of the conduct giving rise to the causes of action was committed in Nueces County, Texas, and the Plaintiff and property which is the subject of this suit are located in Nueces County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Commercial Property Insurance Policy (hereinafter referred to as "the Policy"), which was issued by CHUBB.

2

Plaintiff owns the insured property, which is specifically located at 2021 North Padre Island, Corpus Christi, Texas 78408 (hereinafter referred to as "the Property").

CHUBB sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about August 25, 2017, under Policy No. D37414888 004 and Claim No. KY17K2239380, Plaintiff sustained covered losses in the form of hurricane damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that DEFENDANTS to cover the cost of repairs to the Property pursuant to the Policy. From the onset of the claims process, DEFENDANTS have failed to make a good-faith effort to inspect and determine the cause of damages, and in the course of doing so, DEFENDANTS have intentionally kept Plaintiff from being privy to all reports, including but not limited to the Teal Forensics report mentioned in CHUBB's April 1, 2019 denial letter.[1] Upon merely mentioning the involvement of Teal, CHUBB goes on to admit Teal "made the decision to voluntarily withdraw from the evaluation process" but CHUBB fails to inform the reason(s) why Teal unilaterally and voluntarily elected not to work with CHUBB and or LABRIE.[2] CHUBB states it initially engaged the services of Michael Wysoczan with Engle Martin to inspect and assess damages.[3] However, Plaintiff nor its counsel have received any reports or other documents indicating Michael Wysoczan's involvement with the claim made the subject of this lawsuit, if any. Although requests for such information have been made by the undersigned counsel. While CHUBB states in its April 1, 2019 letter Mr. Wysoczan inspected the property on September 6, 2017, Plaintiff has no ability to confirm this fact and therefore has doubts as to whether this investigation occurred, as no claim determination

---

[1] *See Plaintiff's Exhibit A*, a true and correct copy of CHUBB's April 1, 2019 denial letter to Plaintiff.
[2] *Id.*
[3] *Id.*

3

letter or other documentation was sent to Plaintiff after Wysoczan in clear violation of the Texas Insurance Code and the insurance contract purchased by Plaintiff from CHUBB.

LABRIE seemingly failed to conduct any assessment of Plaintiff's damages as Plaintiff has yet to receive any report, estimate, or photographs from LABRIE. This conduct constitutes multiple violations of the Texas Insurance Code as described below. As evidence, Plaintiff points to the approximate one and one-half year gap in time concerning DEFENDANTS' investigation of Plaintiff's claim. On or about January 23, 2019, CHUBB and LABRIE elected to retain Stephens Engineering to complete its investigation, without providing any explanation for the delay. As stated above, prior to retaining Stephens Engineering, CHUBB attempted to conceal the findings of a previous engineering firm hired by CHUBB who conducted an inspection, but subsequently withdrew as CHUBB'S engineer. To date, Plaintiff has not received an explanation from LABRIE or CHUBB. As LABRIE was the adjuster and agent of CHUBB assigned to investigate it is difficult how one could conclude LABRIE attempted to effectuate a prompt, fair, and equitable settlement of the claim when liability became reasonably clear or for which at least a portion of the policy provided coverage. Likewise, LABRIE has no evidence supporting any contention she may have confirming LABRIE promptly provided a reasonable explanation of the factual and legal basis in the policy for denying Plaintiff's claim.

CHUBB'S eventual denial over one and one-half years after reporting the claim was based only on the findings of Stephens Engineering and another contractor hired by CHUBB, which were not disclosed to Plaintiff until April 1, 2019 – approximately one and one-half years after Plaintiff reported its claim. In Stephens Engineering's estimate, which LABRIE and CHUBB subsequently adopted, CHUBB acknowledged wind damage to the property's roof wall, stucco, and vapor barrier, but excluded damages to the bitumen roofing system, exterior walls, windows, and interior

4

water damages. CHUBB'S estimate and denial letter misrepresents the true scope of damages and arbitrarily identifies multiple non-covered causes as responsible for Plaintiff's damages.[4] Moreover, the report produced by Stephens Engineering incorrectly listed wind speeds during the hurricane as half the speed it was actually measured at in an attempt to soften the severity of the damages.[5] Contrary to CHUBB'S claims, the damages to the property were clearly caused by the force of wind-driven debris and rain characteristic of a hurricane. Metal was visibly torn off of Plaintiff's roof; debris left cracks and holes in Plaintiff's bitumen roofing and lifted caps and other roof components to allow water to leak in; the seals on all of Plaintiff's windows were broken; the brick veneer was chipped away at by the harsh winds; and Plaintiff's business sign was completely destroyed and on the verge of collapsing.[6] Furthermore, and as described in Mr. W. Tom Witherspoon's May 18, 2019 report, the evidence relied on by Stephens to confirm the wind speeds at the property was based on malfunctioned measurement equipment, which gave a final read out of a wind speed of 63mph before the instrument went off line.[7] As stated in Mr. Witherspoon's report, the wind a the property was likely in the 150mph range.

Plaintiff's damages are not characteristic of foot traffic, wear and tear, mechanical damages, maintenance, or poor design as CHUBB has alleged. It is clear LABRIE and thereafter, CHUBB failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages. Plaintiff has obtained a report from My Adjuster, LLC stating the roof of the property requires replacement, and interior repairs are necessary to correct water damages.[8]

---

[4] *See Plaintiff's Exhibit B*, a true and correct copy of the Cheyenne Homes estimate dated March 4, 2019, used as a basis to deny Plaintiff's claim.
[5] *See Plaintiff's Exhibit C*, a true and correct copy of Stephens Engineering Consultants, Inc. report dated February 19, 2019.
[6] *See Plaintiff's Exhibit D*, a true and correct copy of W. Tom Witherspoon, PhD., P.E.'s report of the cause of damages dated May 18, 2019.
[7] *Id.*
[8] *See Plaintiff's Exhibit E*, a true and correct copy of the My Adjuster, LLC report dated June 24, 2019.

Unofficial Copy

Recently, the parties participated in a joint re-inspection of the property wherein CHUBB retained yet another engineering firm (its fourth), Insight Engineering, to be present and conduct an inspection. Plaintiff's engineer and Defendant, LABRIE, were also present. Unfortunately, Insight elected to utilize similar, improper, measurements of wind, which in turn did not effect a change in CHUBB's claim determination but for additional exterior damages being included. While this supports Plaintiff's position covered damages have been ignored since the onset, this determination does nothing to ensure Plaintiff can properly repairs its property. Moreover, the Insight report states certain material was reviewed prior to its inspection. It is interesting to note the only material from Engle Martin were photos allegedly taken on September 13, 2017 and an Engle Martin estimate allegedly dated January 28, 2018, neither of which has been supplied to Plaintiff or its counsel.

As detailed in the paragraphs below, LABRIE failed to properly inspect or properly inform Plaintiff, which thereafter caused CHUBB to wrongfully deny Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Such denial effectuated by LABRIE did not come until approximately one and one-half years after Plaintiff initiated its claim. Furthermore, CHUBB failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff although liability was, or should have been, reasonably clear to LABRIE and therefore, CHUBB.

To date, CHUBB continues to delay in the payment for the damages to the Property.

CHUBB failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, CHUBB refused to pay the full proceeds of the Policy after its agent, LABRIE allegedly conducted an outcome-oriented investigation over the course of

Unofficial Copy

one and one-half years, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.  CHUBB's conduct constitutes a breach of the insurance contract between it and Plaintiff and such conduct also constitute violations of the Texas Insurance Code by LABRIE as described below.

Pleading further, DEFENDANTS misrepresented to Plaintiff the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. DEFENDANTS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

DEFENDANTS failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Such conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

DEFENDANTS failed to timely explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, DEFENDANTS did not communicate any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. DEFENDANTS' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

CHUBB and LABRIE failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within

Unofficial Copy

the statutorily mandated time of receiving notice of Plaintiff's claim. Such conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, CHUBB failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

CHUBB failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to CHUBB, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. CHUBB'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, CHUBB knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of CHUBB'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

Unofficial Copy

## V.

## CAUSES OF ACTION AGAINST CHUBB

**A.     BREACH OF CONTRACT**

CHUBB'S conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.     UNFAIR SETTLEMENT PRACTICES**

CHUBB'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

CHUBB'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

CHUBB'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

CHUBB'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.

Unofficial Copy

CODE §541.060(a)(7).

## 2.    THE PROMPT PAYMENT OF CLAIMS

CHUBB'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

CHUBB'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

CHUBB'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

CHUBB'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

CHUBB'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

CHUBB'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Unofficial Copy

# VI.

## CAUSES OF ACTION AGAINST LABRIE

### A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, LABRIE, the LABRIE, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the LABRIE and her agents constitute one or more violations of the Texas Insurance Code. More specifically, the LABRIE has, among other violations, violated the following provisions of the Code:

1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide CHUBB with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The CHUBB assigned the loss and the claim to LABRIE who was at all pertinent times the agent of the CHUBB, through both actual and

Unofficial Copy

apparent authority. The acts, representations and omissions of the LABRIE are attributed to the CHUBB.

LABRIE was purportedly retained by CHUBB on or around September 6, 2017. LABRIE was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property.  LABRIE failed to perform any inspection or gather any information relevant to assessing the claim. Rather LABRIE did nothing, then hired another engineering firm over a year and a half after the subject hurricane damages were reported to perform the tasks LABRIE herself was responsible for performing at the onset of this claim. LABRIE did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the LABRIE failed and refused to properly adjust the claim. The LABRIE failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the CHUBB and make recommendations to the CHUBB to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the LABRIE. The Plaintiff allowed the LABRIE full and complete access to the property. The Plaintiff provided sufficient information to the LABRIE to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the LABRIE failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss.  As a result of the LABRIE's

Unofficial Copy

inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The LABRIE's actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the LABRIE, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

Unofficial Copy

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten (10) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

Unofficial Copy

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO CHUBB

1) Produce the CHUBB's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which CHUBB opened a claim under the Policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between CHUBB, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning,

Unofficial Copy

concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the CHUBB's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which CHUBB opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO LABRIE

1) Produce LABRIE's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between CHUBB its agents, adjusters, employees, or representatives and the LABRIE, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the CHUBB'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for

Unofficial Copy

such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against CHUBB and LABRIE, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372

BY:   */s/Robert Pollom*
      Robert A. Pollom
      State Bar No. 24041703
      robert@krwlawyers.com
      Jake Rogiers
      State Bar No. 24069066
      jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Unofficial Copy

Filed
1/27/2020 11:19 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-6002-B

| | | |
|---|---|---|
| CORPUS CHRISTI PLAZA | § | IN THE DISTRICT COURT OF |
| HOSPITALITY LTD D/B/A | § | |
| PLAZA INN-CORPUS CHRISTI | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY and | § | |
| MELANIE LABRIE | § | |
| *Defendants.* | § | 117TH JUDICIAL DISTRICT |

### DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Westchester Surplus Lines Insurance Company ("Defendant") files this Answer to Plaintiff's Original Petition and respectfully shows the court as follows:

### I.   General Denial

Without denying the existence and contents of the insurance policy in question, and while fully insisting upon each and every term, provision, condition, exclusion, and all paragraphs thereof, and to the extent consistent therewith, Defendant files this general denial in accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and denies generally each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.    Conditions Precedent Unsatisfied

Defendant specifically denies that conditions precedent to recovery have been met.

### III.    Preservation of Rights

Defendant preserves all of its rights under each policy at issue, including the right to appraisal.

3643832-1

## IV.     Policy Defenses

Defendant affirmatively asserts, for each policy made the basis of this lawsuit, the policy's terms, conditions, endorsements and exclusions as set forth in each policy, as those respective terms, conditions, endorsements and exclusions may bar, in whole or in part, Plaintiff's claims.

## V.     Offset, Credit, and Limitation of Liability

Pleading further for a separate and complete defense and in the alternative, pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant asserts the setoff, credit, limit of liability, and other insurance limitation provisions contained the TEXAS INSURANCE CODE and in each policy made the basis of this claim.  Defendant is entitled to an offset or credit against Plaintiff's damages, if any, for monies previously paid under each policy at issue.  Further, Defendant's liability, if any, is limited to the amount of the policy limits under each subject policy, pursuant to the "Loss Settlement" and other clauses regarding the limit of liability and payment for covered losses contained in each policy upon which Plaintiff brings this suit.

## VI.     Failure to Mitigate

Pleading further for a separate and complete defense and in the alternative, Defendant avers that Plaintiff has failed to fully and properly mitigate its damages in accordance with law and with Plaintiff's duties under the policy.

## VII.     Pre-Existing Damages

Pleading further for a separate and complete defense and in the alternative, Plaintiff's alleged damages pre-existed the incident complained of and/or were caused by a subsequent incident, all of which precludes any liability as to Defendant.

## VIII.     Failure to Make Temporary Repairs

Pleading further for a separate and complete defense and in the alternative, Plaintiff's claim is barred in whole or in part because the sole proximate cause of some of the damages Plaintiff

2

claims are Plaintiff's own inaction and negligence in failing to make temporary repairs or otherwise protecting the property after the initial loss.

## IX.    No Breach of Contract

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted. Specifically, Plaintiff failed to describe any particular facts or circumstances supporting the alleged breach of the insurance contract(s) by Defendant.

## X.    Extra-Contractual Claims Barred

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are further barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted, with regard to Plaintiff's extra contractual claims.  Specifically, Plaintiff failed to describe particular facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the TEXAS INSURANCE CODE or an alleged breach of good faith and fair dealing. Plaintiff failed to allege any specific conduct on the part of Defendant which would subject Defendant to liability under Chapters 541 and/or 542 of the TEXAS INSURANCE CODE or under the TEXAS DECEPTIVE TRADE PRACTICES ACT. Defendant specifically states it did not, knowingly or otherwise, make any false, fraudulent or negligent misrepresentations to Plaintiff.

## XI.    Bona Fide and Legitimate Disputes Exist

Pleading further for a separate and complete defense and in the alternative, bona fide and legitimate disputes exist precluding Plaintiff's recovery of damages under extra-contractual theories of liability pursuant to any statutory or common law authority.

3643832-1

## XII.   Acts or Omissions of Third Parties

Pleading further for a separate and complete defense and in the alternative, Plaintiff's damages, if any, were proximately caused by the acts or omissions of third parties over whom Defendant had no control or right to control and for whom Defendant had no responsibility.

## XIII.   Superseding /Intervening Cause

Pleading further for a separate and complete defense and in the alternative, the incident and resulting damages incurred by Plaintiff, if any, which Defendant specifically denies, were the result of a superseding and/or intervening cause or causes thereby precluding Plaintiff from recovering any damages against Defendant.

## XIV.   Limitation of Punitive Damages

Pleading further for a separate and complete defense and in the alternative, punitive damages awarded, if any, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.001, et. seq., are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Furthermore, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence. Defendant respectfully shows regarding any allegations of malice and exemplary or punitive damages as follows:

(a)     Defendant avers the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact, and relies on other statutory limitations afforded to them;

(b)     Plaintiff's claims for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution;

4

  (c)  Plaintiff's claims for malice and punitive or exemplary damages should be proved beyond a reasonable doubt;

  (d)  That exemplary or punitive damages cannot be awarded against Defendant because, in part, Defendant will be placed twice in jeopardy for the same conduct in violation of the United States and Texas Constitutions;

  (e)  Plaintiff's claims for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment;

  (f)  Plaintiff's claims for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference;

  (g)  Plaintiff's claims for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all jurors;

  (h)  Plaintiff's claims for malice and exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process;

Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claims for malice and exemplary or punitive damages, but Defendant received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

## XV.

Defendant hereby reserves all rights to plead further herein.

## XVI. REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule I 94.2(a)-(1).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Westchester Surplus Lines Insurance Company respectfully requests judgment of the court as follows:

1.    That the court render a take-nothing judgment against the Plaintiff;

2.    That Defendant recover all costs together with such other specific and general

relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**CHAFFE MCCALL LLP**

*    /s/ Frank A. Piccolo                          *
Frank A. Piccolo
State Bar No.: 24031227
Frank.piccolo@chaffe.com
Caroline Thomas Webb
State Bar No.: 24051497
Caroline.webb@chaffe.com
801 Travis St., Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:  (713) 546-9806
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 27th day of January, 2020, to all known counsel of record as follows:

Robert A. Pollom
robert@krwlawyers.com
Jake Rogiers
jake@krwlawyers.com
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

*    /s/ Frank A. Piccolo                          *
Frank A. Piccolo

3643832-1

Filed
1/27/2020 11:19 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-6002-B

| | | |
|---|---|---|
| CORPUS CHRISTI PLAZA | § | IN THE DISTRICT COURT OF |
| HOSPITALITY LTD D/B/A | § | |
| PLAZA INN-CORPUS CHRISTI | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY and | § | |
| MELANIE LABRIE | § | |
| *Defendants.* | § | 117TH JUDICIAL DISTRICT |

## DEFENDANT MELANIE LABRIE'S ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

Defendant Melanie Labrie ("Defendant Labrie") files this Answer to Plaintiff's Original Petition and respectfully shows the court as follows:

### I.   General Denial

Without denying the existence and contents of the insurance policy in question, and while fully insisting upon each and every term, provision, condition, exclusion, and all paragraphs thereof, and to the extent consistent therewith, Defendant Labrie files this general denial in accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and denies generally each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.   Conditions Precedent Unsatisfied

Defendant Labrie specifically denies that conditions precedent to recovery have been met.

### III.   Preservation of Rights

Defendant Labrie preserves all rights under each policy at issue, including the right to appraisal.

1

3643922-1

## IV.     Policy Defenses

Defendant Labrie affirmatively asserts, for each policy made the basis of this lawsuit, the policy's terms, conditions, endorsements and exclusions as set forth in each policy, as those respective terms, conditions, endorsements and exclusions may bar, in whole or in part, Plaintiff's claims.

## V.     Offset, Credit, and Limitation of Liability

Pleading further for a separate and complete defense and in the alternative, pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant Labrie asserts the setoff, credit, limit of liability, and other insurance limitation provisions contained the TEXAS INSURANCE CODE and in each policy made the basis of this claim.  Defendant Labrie is entitled to an offset or credit against Plaintiff's damages, if any, for monies previously paid under each policy at issue.  Further, Defendant Labrie's liability, if any, is limited to the amount of the policy limits under each subject policy, pursuant to the "Loss Settlement" and other clauses regarding the limit of liability and payment for covered losses contained in each policy upon which Plaintiff brings this suit.

## VI.     Failure to Mitigate

Pleading further for a separate and complete defense and in the alternative, Defendant Labrie avers that Plaintiff has failed to fully and properly mitigate its damages in accordance with law and with Plaintiff's duties under the policy.

## VII.     Pre-Existing Damages

Pleading further for a separate and complete defense and in the alternative, Plaintiff's alleged damages pre-existed the incident complained of and/or were caused by a subsequent incident, all of which precludes any liability as to Defendant Labrie.

2

3643922-1

## VIII.  <u>Failure to Make Temporary Repairs</u>

Pleading further for a separate and complete defense and in the alternative, Plaintiff's claim is barred in whole or in part because the sole proximate cause of some of the damages Plaintiff claims are Plaintiff's own inaction and negligence in failing to make temporary repairs or otherwise protecting the property after the initial loss.

## IX.  <u>Extra-Contractual Claims Barred</u>

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are further barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted, with regard to Plaintiff's extra contractual claims.  Specifically, Plaintiff failed to describe particular facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the TEXAS INSURANCE CODE or an alleged breach of good faith and fair dealing. Plaintiff failed to allege any specific conduct on the part of Defendant Labrie which would subject Defendant Labrie to liability under Chapters 541 and/or 542 of the TEXAS INSURANCE CODE or under the TEXAS DECEPTIVE TRADE PRACTICES ACT.  Defendant Labrie specifically states she did not, knowingly or otherwise, make any false, fraudulent or negligent misrepresentations to Plaintiff.

## X.  <u>Bona Fide and Legitimate Disputes Exist</u>

Pleading further for a separate and complete defense and in the alternative, bona fide and legitimate disputes exist precluding Plaintiff's recovery of damages under extra-contractual theories of liability pursuant to any statutory or common law authority.

## XI.  <u>Acts or Omissions of Third Parties</u>

Pleading further for a separate and complete defense and in the alternative, Plaintiff's damages, if any, were proximately caused by the acts or omissions of third parties over whom

3

Defendant Labrie had no control or right to control and for whom Defendant Labrie had no responsibility.

### XII.    Superseding /Intervening Cause

Pleading further for a separate and complete defense and in the alternative, the incident and resulting damages incurred by Plaintiff, if any, which Defendant Labrie specifically denies, were the result of a superseding and/or intervening cause or causes thereby precluding Plaintiff from recovering any damages against Defendant Labrie.

### XIII.    Limitation of Punitive Damages

Pleading further for a separate and complete defense and in the alternative, punitive damages awarded, if any, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.001, et. seq., are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Furthermore, any award of punitive damages would violate Defendant Labrie's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution unless Plaintiff proves Defendant Labrie's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence. Defendant Labrie respectfully shows regarding any allegations of malice and exemplary or punitive damages as follows:

(a) Defendant Labrie avers the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact, and relies on other statutory limitations afforded to them;

(b) Plaintiff's claims for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant Labrie's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution;

(c) Plaintiff's claims for malice and punitive or exemplary damages should be proved beyond a reasonable doubt;

4

(d)     That exemplary or punitive damages cannot be awarded against Defendant Labrie because, in part, Defendant Labrie will be placed twice in jeopardy for the same conduct in violation of the United States and Texas Constitutions;

(e)     Plaintiff's claims for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment;

(f)     Plaintiff's claims for malice and punitive or exemplary damages against Defendant Labrie should be determined only by Defendant Labrie's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference;

(g)     Plaintiff's claims for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all jurors;

(h)     Plaintiff's claims for malice and exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process;

Defendant Labrie is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claims for malice and exemplary or punitive damages, but Defendant Labrie received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

## XIV.

Defendant Labrie hereby reserves all rights to plead further herein.

## XV.     REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194, Defendant Labrie requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule I 94.2(a)-( 1).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Melanie Labrie respectfully requests judgment of the court as follows:

1.     That the court render a take-nothing judgment against the Plaintiff;

2.    That Defendant Labrie recover all costs together with such other specific and general relief, both at law and in equity, to which Defendant Labrie may be justly entitled.

Respectfully submitted,

**CHAFFE MCCALL LLP**

_/s/ Frank A. Piccolo_
Frank A. Piccolo
State Bar No.: 24031227
Frank.piccolo@chaffe.com
Caroline Thomas Webb
State Bar No.: 24051497
Caroline.webb@chaffe.com
801 Travis St., Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 27th day of January, 2020, to all known counsel of record as follows:

Robert A. Pollom
robert@krwlawyers.com
Jake Rogiers
jake@krwlawyers.com
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

_/s/ Frank A. Piccolo_
Frank A. Piccolo

6

3643922-1